DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

IN RE:                              )
                                    )
INNOVATIVE COMMUNICATION            )    Bankruptcy No. 07-bk-30012
CORPORATION,                        )
                                    )    Adv. No. 09-03075
            Debtor.                 )
_____ )
                                    )
AMJ, INC.,                          )
                                    )
            Appellant,              )
                                    )
            v.                      )
                                    )    CIVIL NO. 2014-14
JAMES P. CARROLL,                   )
LIQUIDATION TRUSTEE OF THE          )
LIQUIDATION TRUST FOR THE           )
BANKRUPTCY ESTATES OF               )
INNOVATIVE COMMUNICATION            )
COMPANY, LLC, EMERGING              )
COMMUNICATIONS, INC., AND           )
INNOVATIVE COMMUNICATION            )
CORP.                               )
                                    )
            Appellee.               )
_____ )

ATTORNEYS:

**Renee D. Dowling, Esq.**
Law Offices of Renee D. Dowling
Christiansted, U.S.V.I.
    *For AMJ, Inc.*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, U.S.V.I.
    *For James P. Carroll, Liquidation Trustee.*

*In re Innovative*
Civil No. 2014-14
Order
Page 2

## ORDER

**GÓMEZ, J.**

On February 10, 2014, AMJ, Inc. ("AMJ") filed a notice of appeal from the January 27, 2014, order of the bankruptcy division of this court. That order granted summary judgment in favor of James P. Carroll.

Thereafter, on February 11, 2014, the Clerk of the Court issued a scheduling order (the "Scheduling Order"). The Scheduling Order required AMJ to file and serve the designation of record and a statement of issues within 10 days of the date of the order, "failing which the Appeal may be dismissed for failure to prosecute." (ECF No. 4). Further, the Scheduling Order required AMJ to file and serve its brief within 30 days of the designation of record on appeal or within fifteen days of the transcript being filed, whichever came later. AMJ has failed to fully comply with the Order. Specifically, AMJ has not filed a designation of record or a statement of issues. It also has not filed or served a brief.

James P. Carroll ("Carroll"), the appellee, filed a motion to dismiss for lack of prosecution on February 28, 2014. On July 29, 2014, this Court ordered AMJ to show cause, no later than August 4, 2014, why this matter should not be dismissed for failure to prosecute. AMJ did not respond.

*In re Innovative*
Civil No. 2014-14
Order
Page 3

Because AMJ has failed to file a designation of record or statement of issues and has failed to file a brief, the above-captioned appeal may be dismissed for failure to prosecute. *See, e.g., In re E Toys Inc.,* 263 Fed. App'x 235, 238, 2008 WL 241367 at *2 (3d Cir. Jan. 30, 2008) (affirming the district court's dismissal of a bankruptcy appeal based on the appellant's "repeated failures to adhere to ordered briefing deadlines") (unpublished).

The Court of Appeals for the Third Circuit has set forth six (6) factors to be balanced in deciding whether to dismiss a case as a sanction: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). The Court need not find that all of the *Poulis* factors weigh against the opposing party to find that dismissal is warranted. *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988), *cert. denied,* 488 U.S. 1005 (1989).

*In re Innovative*
Civil No. 2014-14
Order
Page 4

The first factor the Court must consider is the extent of the appellant's personal responsibility. *Poulis*, 747 F.2d at 868. AMJ has repeatedly ignored deadlines over the course of the underlying bankruptcy action and the instant appeal, while represented by multiple different counsel.

Furthermore, when AMJ's counsel withdrew from the underlying bankruptcy action, the Bankruptcy Court granted AMJ 30 days to find new counsel. AMJ failed to do so within the time allotted by the court.

This pattern of delinquency throughout both the underlying bankruptcy action and this appeal indicates that AMJ shares at least some responsibility for the failure to prosecute this appeal. Thus, the first factor favors dismissal.

The second *Poulis* factor this Court must consider is prejudice to the opposing party. *Poulis*, 747 F.2d at 868. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008)(internal quotation marks and citation omitted). There has been no allegation that any of those harms have been suffered in this case.  While it is conceivable that witnesses' memories may have dimmed, nothing has been presented to this

*In re Innovative*
Civil No. 2014-14
Order
Page 5

Court to suggest that has occurred.  Furthermore, the record indicates that Carroll has not been forced to file a significant number of motions in this appeal.  As such, the second factor weighs against dismissal.

The third factor considers whether the non-moving party has a history of dilatoriness. *Poulis*, 747 F.2d at 868. As pointed out in *Curtis T. Bedwell & Sons v. Intl. Fidelity Ins. Co.*, 843 F.2d 683 (3d Cir. 1988), "[i]n *Poulis*, one failure to answer interrogatories and a failure to file a pre-trial statement were sufficient to support a dismissal." *Curtis T. Bedwell*, 843 F.2d at 694.  The Scheduling Order required AMJ to file its designation of the record and statement of the issues in February 2014. More than six months later, AMJ still has not filed either the designation of the record or its statement of the issues. Furthermore, AMJ has failed to respond to any of the commands of the Court's July 29, 2014, Order. This dilatoriness certainly rises to at least the level of that in *Poulis*.  Thus, the third factor favors dismissal.

The fourth factor considers whether the conduct of the party or the attorney was willful or in bad faith. *Poulis*, 747 F.2d at 868. Here, AMJ has failed to comply with the initial scheduling order; failed to move for an extension of time within which to file its appellant's brief; and failed to offer any

*In re Innovative*
Civil No. 2014-14
Order
Page 6

explanation for its delays. AMJ's conduct represents a willful disregard of the Court's scheduling order and the appellate process in general.  Thus, the fourth factor favors dismissal.

The fifth factor looks at the effectiveness of sanctions other than dismissal. *Poulis*, 747 F.2d at 868. "In general, a sanction should be directed toward the particular abuse that has occurred." *Andrews v. Gov't of the Virgin Islands*, 1321 F.R.D. 405, 413 (D.V.I. 1990) *aff'd*, 935 F.2d 1280 (3d Cir. 1991). In *In re E Toys Inc.*, the Third Circuit upheld a sanction of dismissal because "[d]espite being given a final opportunity to file a brief under the threat of sanctions, . . . [Appellant] still did not timely file a brief. Nor did he seek an extension of time for medical reasons or for any other reasons." *In re E Toys Inc.*, 263 Fed. App'x 235, 238 (3d Cir. 2008).

Here, the Scheduling Order instructed AMJ to file a designation of the record and a statement of issues in this matter within ten days of his notice of appeal, and then to file a brief. The July 29, 2014, Order instructed AMJ to show cause, in writing, why this matter should not be dismissed for failure to prosecute no later than August 5, 2014.

The July 29, 2014, Order, instructing AMJ to show cause, did not lead to compliance.  As such, it seems unlikely that

*In re Innovative*
Civil No. 2014-14
Order
Page 7

other sanctions would result in a more favorable outcome.  Thus, the fifth factor favors dismissal.

Finally, the sixth factor considers the meritoriousness of the claim or defense.  *Poulis*, 747 F.2d at 868.  As the Court has previously noted, AMJ has failed to file a record, a statement of issues, or a brief in this matter.  As such, the Court lacks sufficient information from which to determine the merit of his contentions.

The premises considered, it is hereby

**ORDERED** that AMJ's appeal is **DISMISSED** for failure to prosecute; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this file.

S_____

　　　**Curtis V. Gómez**
　　　**District Judge**